**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 15-cv-01741-MSK-NYW

**SHANNON R. BEALL, individually and on behalf of all others similarly situated,**

    Plaintiff,

v.

**SST ENERGY CORPORATION,**

    Defendant.

---

**ORDER ON PLAINTIFF'S MOTION FOR CONDITIONAL FLSA COLLECTIVE
ACTION CERTIFICATION**

---

    **THIS MATTER** comes before the Court on Plaintiff's Amended Motion for Conditional Certification and Notice to Putative Class Members (**#49**), Defendant's Response (**#51**), and Plaintiff's Reply (**#54**).

**I.**    **Background**

    Plaintiff, Shannon Beall, filed this lawsuit on behalf of himself and other alleged similarly-situated employees of Defendant, SST Energy Corporation ("SST"), asserting overtime pay violations under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

    Mr. Beall was employed by SST from March 2011 through March of 2015. Although Mr. Beall held different positions during his employment, at all times he states that he was categorized as a nonexempt, hourly employee. Mr. Beall asserts that he was paid an hourly wage plus nondiscretionary bonuses, and that he regularly worked for SST in excess of forty hours a week. In calculating overtime pay owed to Mr. Beall, he alleges that SST did not include his nondiscretionary bonus pay. Mr. Beall's Complaint (**#1**) and Affidavit (**#49-5**), state that this

1

pay schedule was a universal policy applicable to calculating overtime pay for all hourly, nonexempt employees.

## II. Discussion

The FLSA permits an employee to sue their employee for unpaid wages, overtime, and liquidated damages on behalf of themselves and similarly-situated employees who choose to opt-in to the lawsuit. 29 U.S.C. § 216(b). Similarly situated FSLA plaintiffs may join in a collective action. Such action is not a Fed. R. Civ. P. 23 class action, however. FLSA action claimants retain the right to separately pursue their rights and are only bound by the outcome of the collective action if they expressly choose to join in the litigation. *See Genesis Healthcare Corp. v. Smith*, 133 S.Ct. 1523, 1529 (2013); *see also Saarela v. Union Colony Protective Servs., Inc.*, No. 13-cv-01637-MSK-MJW, 2014 WL 3408771, *2 (D. Colo. July 14, 2014).

In the initial stages of an FLSA action and prior to the bulk of discovery, the Court determines whether to conditionally "certify" a collective action.[1] *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). A Court grants conditional certification upon a finding that the plaintiff and other putative plaintiffs were allegedly victims of a single decision, policy, or schedule. *See Lysyj v. Milner Distribution Alliance, Inc.*, No. 13-cv-01930-RM-MJW, 2014 WL 273214, *2 (D. Colo. Jan. 24, 2014) (*citing Boldozier v. Am. Family Mut. Ins. Co.*, 375 F.Supp.2d 1089, 1092 (D. Colo. 2005)). Thus, a plaintiff's burden at this stage is a minimal one. *See Thiessen*, 267 F.3d at 1102; *Grady v. Alpine Auto Recovery*, No. 15-cv-00377-PAB-MEH, 2015 WL 3902774, *2 (D. Colo. June 24, 2015); *Kinne v. Rocky Mountain EMS, Inc.*, No. 12-cv-02710-REB-CBS, 2013 WL 4882532, *2 (D. Colo. Sept. 12, 2013). Despite the

---

[1] Frequent references to "collective class" often result in confusion between the FSLA collective class and "class actions" that arise under Fed. R. Civ. P. 23. A fuller discussion of this confusion and common about how collective actions proceed is found in *Turner v. Chipotle Mexican Grill, Inc.*, ___ F.Supp.3d ___, ___, 2015 WL 4979770, * 4-6 (D. Colo. 2015).

2

lenient standard at this stage, mere conclusory declarations or those based on hearsay or speculation are insufficient to grant conditional FLSA collective action certification. *See Saarela*, 2014 WL 3408771, *3.

Mr. Beall states that he was an hourly, nonexempt employee of SST, which is supported by employee status change forms that confirm such employment in 2014, 2012, and non-exempt in 2011.[2] As evidence that his overtime pay was not properly calculated, he introduced a memorandum he received from SST explaining that there "may have been an error in the calculation of overtime compensation pertaining to the company paid bottom hole bonuses," and a check SST sent him in the amount of the additional overtime SST believed Mr. Beall was owed. In support of his statements that the failure to properly pay overtime affected other putative plaintiffs, Mr. Beall introduced the affidavit of another SST hourly employee, Robert McComas, who corroborated that SST routinely failed to factor in nondiscretionary bonuses when calculating overtime pay. Mr. McComas received the same memorandum Mr. Beall received regarding overtime pay errors, which was directed to "Affected employees of SST Energy Corporation." The Court finds Mr. Beall's allegations and evidence sufficient to establish at this early stage that there may be other similarly-situated putative collective action plaintiffs. Accordingly, the Court conditionally certifies this as a collective action.[3]

---

[2] The status form for 2014 represents that Mr. Beall was an "hourly" and "nonexempt" employee. However, the 2012 form reflects that Mr. Beall was an "hourly" employee, while the 2011 form states he was "nonexempt." The Court is unaware whether, in 2012 or 2011, Mr. Beall was both hourly and nonexempt, but will presume for purposes of this motion that at some point Mr. Beall was both hourly and nonexempt.

[3] The Court is not persuaded by SST's argument that before determining whether the putative claimants were victims of the same unlawful pay schedule or policy, the Court must find that they shared similar job duties. SST cites no authority for this proposition and the Court is aware of none. The test is whether the putative plaintiffs were affected by the same policy or error.

Upon granting conditional certification of an FLSA collective action, a plaintiff may send a *Hoffman-La Roche* notice to putative plaintiffs, informing them of the litigation and giving instructions in order to join in the action. SST also objects to Mr. Beall's Proposed *Hoffman-La Roche* Notice (**#49-4**). Each is addressed below. [4]

- SST contends that the Proposed Notice improperly identifies certain bonuses that employees may have received. Without definitive evidence as to the accuracy of the named bonuses, the Court directs Mr. Beall to amend the relevant portion of the Proposed Notice from "employees of SST who were paid hourly and received a non-discretionary bonus (*i.e.* Curve Bonus, Bottom Hole Bonus, and/or Completion Bonus/ End of Well Bonus) to "employees of SST who were paid hourly and received a non-discretionary bonus (*which may include a* Curve Bonus, Bottom Hole Bonus, and /or Completion Bonus/ End of Well Bonus)." Any dispute as to the description or applicability of the described bonus may be raised at a later point in time.

- SST objects to the following sentence found at page one: "SST was not authorized to send you this correspondence or this additional compensation, and the documents may have been confusing or misleading." The Court has made no such finding, and there is no showing that this was the case. Therefore, this statement must be deleted.

- SST requests that the notice inform putative collective action plaintiffs that opting into lawsuit will result in disclosure of putative plaintiffs' payroll and personnel records. SST has not cited not authority as to the veracity of this statement, much less authority

---

SST's contention that Mr. Beall was terminated for "instances of incompetent or seriously inappropriate discriminatory conduct," is not relevant to this issue.

[4] Mr. Beall shall ensure the caption on the Proposed Notice is in compliance with local rules and any specific order entered by Magistrate Judge Wang.

suggesting that FLSA collective action notices must contain this information. It shall not be included.

- Lastly, SST objects to language in the Proposed Notice directing putative plaintiffs not to contact SST or SST's lawyers because many such putative plaintiffs are current or prospective SST employees who need to communicate with SST. SST's characterization of this language is overly broad. The actual language in the Proposed Notice advises putative plaintiffs not to communicate with SST "*about this lawsuit or seek advice from them on whether you should participate.*" Such advisement is appropriate.

Mr. Beall requests the Court adopt the proposed schedule for giving notice and collecting consent forms, set forth at page 14 of his Motion. There is no objection, and thus the Court will adopt the schedule below:

| DEADLINE | SUBJECT |
|---|---|
| 10 Days From Order Approving Notice to Putative Plaintiffs | SST to disclose the names, last known addresses, email addresses, and phone numbers of those described in the above-referenced group of Putative Plaintiffs to be notified in a usable electronic format. |
| 20 Days From Order Approving Notice to Putative Plaintiffs | Plaintiff's Counsel shall send by mail and email the Court approved Notice and Consent Form to the Putative Plaintiffs. |
| 60 Days From Order Approving Notice to Putative Plaintiffs | The Putative Plaintiffs shall have 60 days to return their signed Consent forms to Plaintiff's counsel for filing with the Court. |
| 30 Days from Date Notice is Mailed to Putative Plaintiffs | Plaintiff's Counsel is authorized to send by mail and email a second identical copy of the notice/consent form to the Putative Plaintiffs reminding them of the deadline for the submission of the Consent forms. Plaintiff's Counsel is authorized to call Putative Plaintiffs to ensure the consent forms were received.[5] |

### III. Conclusion

---

[5] Plaintiff's Counsel will confer with SST concerning the use of a script similar to the transcripts previously approved by courts in this district.

The Court hereby **GRANTS** Plaintiff, Shannon Beall's, Amended Motion for Conditional Certification **(#49)** and conditionally certifies this as a FLSA collective action. Mr. Beall may send the Proposed Notice and Consent Form (after making the revisions identified in the Court's above discussion) to putative plaintiffs, and the Court adopts the schedule set forth in Mr. Beall's Amended Motion.

Dated this 25th day of January, 2016.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge