IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 15-cv-01741-MSK-NYW

SHANNON R. BEALL, individually and on behalf of all others similarly situated,

   Plaintiff,

v.

SST ENERGY CORPORATION,

   Defendant.

---

ORDER ON DEFENDANT'S MOTION TO RECONSIDER AND MOTION FOR PROTECTIVE ORDER

---

**THIS MATTER** comes before the Court on Defendant's Motion to Reconsider Order on Plaintiff's Motion for Conditional FLSA Collective Action Certification (**#67**), Defendant's Motion for Protective Order (**#68**), and the Plaintiff's Response (**#70**).

Defendant, SST Energy Corporation (SST) requests the Court to reconsider its Order granting Plaintiff, Shannon Beall's, Motion for Conditional FLSA Collective Action Certification (**#63**). SST does not object to conditional certification itself; rather, SST takes issue with the Court's ruling that the Opt-In Notice to be distributed to putative collective action members need not include language advising putative members that, by opting-in to the law suit, they will waive their right to privacy regarding "information to be produced in their payroll and employee files." The Court **DENIES** the Motion to Reconsider for the following reasons.

Foremost, SST has made no showing that sensitive information – namely, information contained in putative members' employee records as opposed to their payroll records – is relevant to this litigation. The sole allegation in this lawsuit is that SST committed a narrow and

distinct FLSA violation in calculating overtime pay.  The Court sees no reason why, and SST has presented no showing as to why employee records containing medical or other personal information (as opposed to just payroll records) are relevant and thus subject to discovery. Moreover, SST's representation that collective action members will waive their right to privacy as for this confidential information is patently false.

To the extent that any information in an employee's personnel file is relevant, SST has failed to demonstrate why the Protective Order (**#43**) already in place is inadequate to protect such interest.  The Protective Order expressly permits any party (expressly including individual employees who opt-in to the lawsuit) to request that a document or record be designated "Confidential – Attorneys' Eyes Only."  Finally, should SST believe the existing Protective Order is inadequate to protect any plaintiff's privacy interest, there is no demonstration why a plaintiff or the group could not request and obtain additional protection in the form of a protective order.

SST remains subject to all applicable legal obligations to its employees with regard to personal or medical information, and an employee's decision to "Opt-In" to join this action does not waive or otherwise change those obligations.

3

The Court hereby **DENIES** Defendant's Motion to Reconsider Order on Plaintiff's Motion for Conditional FLSA Collective Action Certification (**#67**) and Defendant's Motion for Protective Order **(#68).**

Dated this 9th day of February, 2016.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge