**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-1741-MSK-NYW

SHANNON R. BEALL, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

SST ENERGY CORPORATION, a Colorado Corporation

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiff's Motion to Strike Certain Affirmative Defenses Under Rule 12(f) ("Plaintiff's Motion to Strike") [#31, dated October 26, 2015], which was referred to this Magistrate Judge pursuant to the Order of Reference dated October 13, 2015 [#24] and the Memorandum dated October 30, 2015 [#38]. The court has reviewed the Parties' briefing, the applicable case law, and the comments offered at oral argument on January 12, 2016. Upon consideration of the relevant authorities, this court respectfully RECOMMENDS that Plaintiff's Motion to Strike be GRANTED IN PART and DENIED IN PART as follows.

**BACKGROUND**

Plaintiff Shannon R. Beall ("Plaintiff" or "Mr. Beall") initiated this action against Defendant SST Energy Corporation ("Defendant" or "SST") on August 12, 2015 to recover unpaid overtime wages and non-discretionary bonuses that were purportedly owed but not paid by SST. [#1]. Mr. Beall asserts that he and "all those similarly situated to him regularly worked

in excess of 40 hours a week." [*Id.* at ¶ 7]. He also alleges that he and all thoses similarly situated were eligible to receive, and did in fact receive, non-discretionary bonuses including completion bonuses and curve bonuses, but such bonuses were improperly excluded from the regular rate of pay, thereby resulting in unpaid overtime. [*Id.* at ¶9]. Mr. Beall asserts a single cause of action for violation of the Fair Labor Standards Act ("FLSA"), as well as allegations to form the basis of a collective action. [*Id.*].

On October 12, 2015, SST filed an Answer that included various affirmative defenses. [#22]. Plaintiff seeks to strike SST's fifth (exemptions), seventh (preliminary and postliminary activities), eleventh (failure to mitigate), twelfth (waiver, unclean hands, estoppel, and laches), thirteenth (failure to notify of improper pay), and fifteenth (no proximate causation) affirmative defenses as impertinent or failing as a matter of law. [#31 at 2]. SST contends that because discovery is still in its infancy, Plaintiff's Motion to Strike is premature and it should be permitted to maintain its affirmative defenses until and unless discovery demonstrates that they are not viable. [#52]. On Reply, Plaintiff continues to urge this court to dismiss SST's affirmative defenses as inapplicable to the facts underlying this case (exemption, preliminary and postliminary activities, and proximate causation) or legally insufficient (mitigation, failure to notify, waiver, unclean hands, estoppel, and laches).

On January 25, 2016, the Honorable Marcia S. Krieger granted Plaintiff's Motion for Conditional FLSA Collection Action Certification. [#63]. On February 16, 2016, Plaintiff filed a Notice of Filing Notice of Consents, identifying 18 other individuals who consented to becoming a party plaintiff in this action, and to be represented by Plaintiffs' counsel. [#76].

## ANALYSIS

**I.  Standard of Review**

An affirmative defense is one that will defeat a plaintiff's claim if it is accepted by the judge or jury.  5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1270 (3d ed. 2004). Pursuant to Fed. Rule Civ. P 12(f), a district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case."  *Sierra Club v. Tri–State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citation omitted).  Moreover, striking allegations or dismissing pleadings pursuant to Rule 12(f) is "a generally-disfavored, drastic remedy."  *Id.* (citing *Smuggler–Durant Mining Corp.*, 823 F.Supp. 873, 875 (D. Colo. 1993); 5C Charles Alan Wright et al., *Federal Practice and Procedure Civil* § 1380, at 647 (2d ed. 1990)). Accordingly, striking an affirmative defense is considered a "severe remedy," and courts within this district have recognized that defenses should not be stricken "if there is any real doubt" about their validity, and that "the benefit of any doubt should be given to the pleader."  *Chavaria v. Peak Vista Cmty. Health Ctrs.*, Civil Action No. 08–cv–01466–LTB–MJW, 2008 WL 4830792, at *1 (D. Colo. Nov. 5, 2008) (citation and quotation omitted); *see also Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 471 U.S. 1098 (1986) (recognizing that motions to strike are an improper vehicle for resolution of defenses raising disputed issues of fact, or disputed and/or substantial questions of law: "even when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are

viewed as determinable only after discovery and a hearing on the merits.") (quoting 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1381 at 800–01).

Courts within this district have held that the requirement that a complaint set forth sufficient factual matter allowing for a reasonable inference that the pleader is entitled to relief, as set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), does not apply by analogy or implication to affirmative defenses. *Michaud v. Greenberg & Sada, P.C.*, Civil Action No. 11–cv–01015–RPM–MEH, 2011 WL 2885952, at *2 (D. Colo. July 18, 2011) (holding that affirmative defense may only be stricken if "as a matter of law, the defense cannot succeed under any circumstance"); *see also Wells v. Hi Country Auto Group*, 982 F.Supp.2d 1261, 1263-64 (D.N.M. 2013) (holding that in striking an affirmative defense pursuant to Rule 12(f), the court "must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed.").

Absent a showing of prejudice, district courts often decline to strike improperly pled affirmative defenses. *Wilhelm v. TLC Lawn Care, Inc.*, No. 07–2465–KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008) (holding that motion to strike was "without merit" given that movant failed to show any prejudice arising from challenged defenses). Even in cases where the challenged pleadings fit within a category enumerated by Fed. Rule Civ. P. 12(f) and some showing of prejudice is made, "discretion remains with the Court to grant or deny" the motion to strike. *Big Cats of Serenity Springs, Inc. v. Vilsack*, Civil Action No. 13–cv–03275–REB–KLM, 2015 WL 1432069, at *13 (D. Colo. March 25, 2015).

**II.     Application**

As an initial matter, in his pleadings, Plaintiff identifies no prejudice by the mere assertion of any of the affirmative defenses that defendant asserts. Other courts have held that the lack of prejudice alone is a sufficient basis to deny a Motion to Strike affirmative defenses. *See Wilhelm*, 2008 WL 474265, at *2. Other courts have found that a movant is not required to show prejudice to prevail on a motion to strike. *See Lane v. Page*, 272 F.R.D. 581, 598-99 (D.N.M. 2011) (citing *Burrell v. Armijo*, 603 F.3d 825, 836 (10th Cir. 2010)); *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTB-BNB, 2010 WL 865380, at *1 (D. Colo. 2010). Accordingly, this court will simply consider any prejudice to Plaintiff as one fact in its consideration of this instant Motion to Strike.

**A.     "Immaterial" Defenses**

Plaintiff seeks to strike Defendant's fifth (exemptions), seventh (preliminary and postliminary activities), and fifteenth (proximate causation) as immaterial to the case at hand. [#31 at 2-4].

***Exemption.***  Plaintiff argues that Defendant's fifth affirmative defense relating to exemptions is "irrelevant to this matter and should be stricken to eliminate the delay and unnecessary expense that will arise from having to litigate these issues." [#31 at 3]. Defendant contends that without more information on the putative class members, it is premature to dismiss the affirmative defense of "exemption." [#52 at 5].

This court agrees with Defendant that striking this defense at this juncture, when discovery is incomplete regarding both Mr. Beall and the additional opt-in plaintiffs, is premature. It may ultimately be that SST did, in fact, classify Mr. Beall and each of the

identified opt-in plaintiffs as non-exempt employees and there will be no viable defense of exemption available to SST. But at this point, the record is undeveloped and this court has no basis to discount SST's assertion that some of the individuals were "exempt part of the time and not eligible for overtime pay." [*Id.* at 4]. A court will not resolve factual disputes on the motion to strike. *Wilhelm*, 2008 WL 474265, at *2. In addition, this court is not persuaded that by striking this defense, the scope of discovery would be narrowed at all. Therefore, this court respectfully recommends that the Motion to Strike Defendant's fifth affirmative defense of exemption be denied.

*Preliminary and Postliminary Activities.* At oral argument, counsel for Plaintiff stipulated on the record that the plaintiffs are not asserting a claim for overtime pay associated with preliminary and postliminary activities. [#65 at 16:6-20]. In light of the stipulation, Defendant conceded that the seventh affirmative defense was unnecessary. [*Id.*]. Therefore, this court respectfully recommends that the Motion to Strike Defendant's seventh affirmative defense be granted, in light of the Parties' stipulations.

*Proximate Causation.* In its section entitled "Statement of Affirmative and Other Defenses," Defendant asserts that "Plaintiffs' alleged injuries were not proximately caused by an unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by SST Energy Corporation." [#22 at 7]. Plaintiff contends that proximate causation is not an element to recovery of a violation of the FLSA, and therefore, should be stricken as an affirmative defense. [#31 at 4]. Defendant argues that proximate causation is not limited to personal injury cases, and contends that because of Plaintiff's allegation that SST had an unlawful policy, this defense is

"necessary to protect Defendant and to notice Plaintiff of Defendants [sic] intention to claim this defense during the course of litigation." [#52 at 8].

While Defendant cites no authority, and this court found none, to support the proposition that the lack of proximate cause is an independent, affirmative defense to an alleged FLSA violation, this court interprets the defense as a denial that SST had an unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by SST that resulted in an FLSA violation, in response to Plaintiff's allegation that "Defendant's pay policy denied Beall and the Putative Class Members overtime compensation at a rate based on all remuneration received as required by the FLSA."[1] [#1 at 4]. The court further finds that despite having an opportunity to do so at the hearing, Plaintiff failed to articulate a specific basis for believing that this particular defense would expand the scope of discovery. Accordingly, this court respectfully recommends denying the Motion to Strike as to Defendant's fifteenth defense of "proximate cause."

### B. Defenses that are "Insufficient as a Matter of Law"

Plaintiff also contends that certain of Defendant's affirmative defenses are insufficient as a matter of law: eleven (mitigation); twelve (waiver, unclean hands, estoppel, and laches); and thirteen (failure to notify of improper pay). [#31 at 4-8].

***Mitigation and Failure to Notify ("Avoidable Consequences" Defense).*** Defendant does not separately address the defense of mitigation in its Response [#52], and this court finds no authority to support that mitigation is a valid defense to a FLSA violation. Instead, the weight

---

[1] To the extent that Defendant is attempting to assert a defense that Plaintiff needs to prove a policy or plan to deprive Mr. Beall and the other opt-in plaintiffs to establish a violation of the FLSA, such a defense is inapposite. *Turner v. Chipotle Mexican Grill, Inc.*, No. 1:14-CV-02612-JLK, 2015 WL 4979770, at *6 (D. Colo. Aug. 21, 2015) (citation omitted), *motion to certify appeal denied*, No. 14-CV-2612-JLK, 2015 WL 5579579 (D. Colo. Sept. 23, 2015).

of authority (some of which is cited by Plaintiff) rejects mitigation in the context of the FLSA. *See* [#31 at 5 (*citing Campbell v. A.S.A.P. Assembly, Inc.*, No. CIV-13-0815, 2013 WL 6332975, at *3 (W.D. Okla. Dec. 5, 2013)]; *see also Jing-Min Lin v. Chinatown Restaurant Corp.*, 771 F.Supp.2d 185, 186-87 (D. Mass. 2013) (noting that the FLSA does not require mitigation). In addition, this court agrees with the court in Eastern District of New York in finding that it is unclear how one could mitigate damages for past legally required wages. *See Cava v. Tranquility Salon & Day Spa, Inc.*, No. 13-cv-1109-(JS)(ARL), 2014 WL 655372, at *4 (E.D.N.Y. Feb. 20, 2014).

There is also no dispute between the Parties that the FLSA does not impose a notice requirement upon an employee to notify his employer of the wage issue. [#52 at 9 ("SST Energy is also aware that the FLSA, on its face, does not require any notice to an employer by an employee in order to be paid wages.")]. Nevertheless, SST urges this court to allow its defense in an attempt to "advocate for a change in the interpretation of the law in a manner consistent with the elastic process used by the courts to balance the positions of the employee and employer in Title VII." [#52 at 11]. In so doing, Defendant advocates for the application of Colorado state law, specifically Colo. Rev. Stat. § 8-4-104. [#52 at 9]. It is unclear how Colorado state law applies to Mr. Beall's action, when the subject matter of the court arises not under diversity jurisdiction (which would implicate state law), but under federal question jurisdiction, 28 U.S.C. § 1331, and the federal FLSA, 29 U.S.C. § 216(b). Defendant further acknowledges that "SST Energy does not suggest that Plaintiff waived his claim to wages, but that he did waive his claim under the Colorado Wage Statute as to penalties and attorney fees and as a result he waived his claim under FLSA because there are no damages." [#52 at 9].

8

Although not entirely clear, it appears that SST is arguing that the Colorado Wage Statute places additional requirements on this action brought only under the FLSA, because it is venued in this District, and Defendant is advocating for a judicially-created affirmative defense to FLSA liability that currently does not exist by extending a Title VII affirmative defense that was created by the Supreme Court cases of *Faragher v. City of Boca Raton*, 524 U.S. 775, 808 (1998), and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). [*Id.* at 10-12].

While nothing in the FLSA prevents a plaintiff from also bringing state law claims in the same action, *see Young v. Dollar Tree Stores, Inc.*, No. 11-cv-1840-REB-MJW, 2012 WL 3704994, at *4 (D. Colo. Aug. 24, 2012), Plaintiff has not asserted a claim under the Colorado Wage Statute, nor could he, given the fact (as SST points out) that he neither worked in Colorado nor is a resident of Colorado.[2] *See Abdulina v. Eberl's Temporary Servs., Inc.*, 79 F. Supp. 3d 1201 (2015). Therefore, it is unclear to this court how the requirements of the Colorado Wage Statute are applicable to the named-Plaintiff.

To the extent that Defendant argues for a logical extension of law that would permit an employer to avoid FLSA liability if (1) the employer exercised reasonable care to prevent and correct any violation and (2) the plaintiff employee unreasonably failed to prevent or take corrective actions, this court notes that "the FLSA, with limited exceptions, is a strict-liability statute" and has different objectives than employment discrimination statutes like Title VII. *Turner*, 2015 WL 4979770, at *6. In addition, the court notes that the recent decision by the

---

[2] Despite SST's assertion that Mr. Beall was forum shopping by filing in Colorado [#52 at 8], it is undisputed that SST is a Colorado corporation and it is unclear why Colorado would be a more favorable venue than Wyoming, when the FLSA claim is governed by federal law and both states are within the Tenth Circuit. In any case, this Motion to Strike is not the proper vehicle for SST to challenge venue.

Court of Appeals for the Tenth Circuit rejects the notion that an estoppel defense could be based on a plaintiff's failure to complain. *Mencia v. Allred*, 808 F.3d 463, 470 (10th Cir. 2015) ("Even if [plaintiff] had signed a fresh contract every morning, representing in each one that his monthly wage was adequate, he could still sue the [defendants] for the FLSA minimum wage.").

Nevertheless, this court concludes that this instant Motion to Strike is not the appropriate juncture to consider whether a logical extension of law is warranted. *See Securities Exchange Commission v. Nacchio*, 438 F.Supp.2d 1266, 1287 (D. Colo. 2006) (observing that a court must strike a defense only if it cannot be maintained under any set of circumstances) (citations omitted). The court notes that at least one journal article advocates for the extension of Title VII *Faragher/Ellerth* law as Defendant does. *Compare* [#52 at 10-11] *with* Lisa A. Schreter, *Adopting the Avoidable Consequences Affirmative Defense: Applying the Lessons of Ellerth/Faragher to FLSA Claims*, http://www.americanbar.org/content/dam/aba/administrative/labor_law/meetings/2010/2010_eeo _022.authcheckdam.pdf (discussing the extension of *Faragher/Ellereth* defense, characterized as an "avoidable consequences" defense, to the FLSA context). In addition, it appears that at least one court outside this District has allowed some form of the "avoidable consequences" defense to be considered at trial. *See Khadera v. ABM Indus. Inc.*, No. C08-0417 RSM, 2012 WL 581402, at *3 (W.D. Wash. Feb. 21, 2012) (holding that "[t]he Avoidable Consequences Defense is an appropriate subject to be addressed at trial."). Even if this defense is ultimately not legally viable, any additional discovery on the topic is limited. Therefore, this court respectfully recommends that the Motion to Strike as to Defendant's eleventh (mitigation) and thirteenth

defenses (failure to notify of improper pay) be denied, to the extent they are directed at a defense based on corrective action/avoidable consequences.

*Equitable Defenses*.   Plaintiff also seeks to strike Defendant's twelfth defense that invokes the doctrines of waiver, unclean hands, estoppel, and laches. [#31 at 7-8]. In response, Defendant does not contend that waiver is an appropriate defense in response to a FLSA violation, and the case law is clear that an employee cannot waive his right to the FLSA minimum wage. *Mencia*, 808 F.3d at 470. Therefore, this court respectfully recommends that the Motion to Strike be granted as to Defendant's defense of waiver.

Similarly, SST's equitable defenses of unclean hands and laches appear appropriate to strike. Plaintiff does not seek any type of equitable relief. [#1 at 4-5; #57 at 12-13]. Unclean hands and laches are undeniably equitable remedies. In addition, SST concedes that laches does not apply to FLSA claims that are brought within the statute of limitations, and it is unclear from both SST's Answer and argument in opposition to the Motion to Strike how laches would apply in this case. *See* [#52 at 12-13]. In addition, Defendant identifies no authority to support defenses of either unclean hands or laches in the FLSA context. Instead, the weight of authority indicates that unclean hands and laches are not appropriate in FLSA cases, and there are no other claims in this case to which these defenses may be directed. Accordingly, this court respectfully recommends that these defenses be stricken. *See Campbell*, 2013 WL 6332975, at *2.

As for Defendant's estoppel defense, the court recommends that the Motion to Strike be denied at this time. In *Mencia*, the Tenth Circuit recognized that there are limited circumstances in which equitable estoppel is a viable FLSA defense, depending upon the specific facts of each

case. *Mencia*, 808 F.3d at 470. As discussed above, a Motion to Strike is not the appropriate time to consider factual issues. *See Wilhelm*, 2008 WL 474265, at *2.

## CONCLUSION

For the foregoing reasons, this court respectfully RECOMMENDS that:

(1) Plaintiff's Motion to Strike Certain Affirmative Defenses Under Rule 12(f) [#31] be **GRANTED IN PART and DENIED IN PART**;

(2) Defendant's affirmative defenses of preliminary and postliminary activities, waiver, laches, and unclean hands be **STRICKEN**; and

(3) All other affirmative defenses **REMAIN** at this time.[3]

---

[3] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED: February 22, 2016            BY THE COURT:

                                    s/Nina Y. Wang_____
                                    United States Magistrate Judge